UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: )<br>)<br>RIZZO & RESTUCCIA, P.C. )<br>)<br>    Debtor. )<br>) | Chapter 11<br>Case No.: 21-40188-CJP |
| RIZZO & RESTUCCIA, P.C., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>H&R BLOCK TAX SERVICES LLC; )<br>BERKOWITZ OLIVER LLP & )<br>AMERICAN ARBITRATION )<br>ASSOCIATION )<br>)<br>    Defendants. )<br>) | Adv. Proc. No.: _____ |

**COMPLAINT TO ENFORCE WILLFUL VIOLATION OF
THE AUTOMATIC STAY UNDER 11 U.S.C. §362(a) AND 105(a)**

Pursuant to 11 U.S.C. §362(a) and §105(a), the debtor- plaintiff Rizzo & Restuccia, P.C. (the "Debtor" or "Plaintiff") hereby complains against the defendants H&R Block Tax Services, LLC ("H&R"), counsel for H&R, Berkowitz Oliver, LLP ("Berkowitz") and the American Arbitration Association ("AAA") for their violations of the Bankruptcy Code's automatic stay by continuing to adjudicate H&R's counterclaims in an arbitration proceeding (the "Arbitration Proceeding") against the Debtor despite knowing of this bankruptcy case. In fact, after the automatic stay went into effect, H&R and its attorneys Berkowitz filed amended pleadings in the Arbitration Proceeding alleging counterclaims against the Debtor's principal, Nicholas A. Restuccia ("Mr. Restuccia"), which claims are identical to the claims originally asserted by H&R against the Debtor.

Notwithstanding its characterization of the claims as directed at Mr. Restuccia, H&R and Berkowitz's conduct in the Arbitration Proceeding, after the stay went into effect, is without a doubt targeted at continuing the prosecution of its claims against the Debtor. Specifically, by naming Mr. Restuccia, H&R clearly seeks to obtain an award that will have preclusive effect against the Debtor, but simultaneously attempt to shield itself from liability for violating the automatic stay. Moreover, H&R's amended claims are being brought against Mr. Restuccia to offset the Debtor's claims against H&R and prevent any potential award being entered in favor of the Debtor while the Debtor is in bankruptcy and not able to defend against those claims. Such conduct is a direct violation of Section 362(a)(3) of the United States Bankruptcy Code for which H&R and its counsel Berkowitz should be sanctioned.

AAA has similarly continued the Arbitration Proceeding against the Debtor and actually demanded that the Debtor file pleadings in that proceeding despite AAA's actual knowledge that the stay was in effect. Importantly, H&R, AAA and Berkowitz acknowledge that only H&R and the Debtor are parties to the Arbitration Proceeding; thus, any actions taken in that action by H&R, Berkowitz and/or AAA are a continuation of proceeding against the Debtor and thus plainly violate Section 362(a)(1).

Plaintiff requests that the Court (i) order H&R, Berkowitz and AAA to cease and desist immediately from taking any further action against the Debtor or property of the bankruptcy estate pursuant to Section 362(a); and (ii) award the Debtor its actual damages, including attorneys' fees and costs incurred on account of H&R and Berkowitz's willful violation of the automatic stay, pursuant to the Court's equitable powers under Section 105(a).

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157(b) and 1334 because it is a core proceeding concerning an alleged violation of the Bankruptcy Code's automatic stay.

2. Venue properly lies in this District under 28 U.S.C. § 1409(a) because this adversary proceeding is related to the Bankruptcy Case, which is pending in this District, and arises under Title 11 of the United States Code. 11 U.S.C. §701, *et seq*.

## PARTIES

3. Plaintiff Rizzo & Restuccia, P.C. is a Massachusetts professional corporation, with a principal place of business located at 76 Merrimack Street, Suite 3, Haverhill, MA 01830.

4. Defendant H&R Block Tax Services, LLC is a Missouri limited liability company with a principal place of business One H&R Block Way, Kansas City, Missouri 64105.

5. Defendant Berkowitz Oliver, LLP is a Missouri limited liability partnership with a principal place of business of 2600 Grand Boulevard, Suite 1200, Kansas City, MO 64108.

6. Defendant American Arbitration Association is a New York corporation with a place of business of 200 State Street, 7th Floor, Boston, MA 02109.

## ALLEGATIONS

7. On or about September 16, 2020 the Debtor commenced the Arbitration Proceeding against H&R which is styled AAA Case No. 01-20-0014-8856.

8. Through the Arbitration Proceeding, the Debtor brought claims against H&R for breach of contract and breach of the implied covenant of good faith and fair dealing, stemming from a certain franchise agreement entered into by the parties in 2015 (the "Contract"). Specifically, the Debtor's claims against H&R concern H&R's failure to provide the Debtor with

working tax preparation software, as it was required to do under the Contract. A true and correct copy of the Debtor's *More Definitive Statement of Claims* is attached hereto as Exhibit A.

9. On October 7, 2021, H&R, through its counsel Berkowitz, filed its original Response to Plaintiff's Demand for Arbitration and Counter Claims against Plaintiff (the "Original Counterclaim"). Through its Original Counterclaim, H&R alleged that the Debtor failed to pay H&R certain monies it claimed to be owed under the parties' contract. H&R asserted counterclaims against the only Debtor for breach of contract and unjust enrichment on account of the Debtor's purported breach. A true and correct copy of the Original Counterclaim is attached hereto as Exhibit B

10. On March 10, 2021 Plaintiff filed its Answers to H&R's Original Counterclaim in the Arbitration Proceeding denying the allegations made therein.

11. On March 16, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the United States bankruptcy Code (the "Bankruptcy Case").

12. On March 18, 2021, counsel for the Debtor notified counsel for H&R, i.e., Berkowitz, via email, of the pending Bankruptcy Case.

13. After being notified of the Debtor's bankruptcy filing, on March 24, 2021, H&R, through its counsel Berkowitz, filed Amended Counterclaims against Mr. Restuccia (the "Amended Counterclaim"). A true and correct copy of the March 24, 2021 Amended Counterclaim is attached hereto as Exhibit C. The factual and legal allegations set forth in the Amended Counterclaims against Mr. Restuccia are identical to those set forth in the Original Counterclaim against the Debtor.

14. Through the Amended Counterclaim, H&R admits to having been on notice of the Bankruptcy Case since at least March 18, 2021. Exhibit C at fn. 1.

15. Further, through the Amended Counterclaim, H&R makes factual allegations concerning the Debtor's "ongoing breach" of certain contracts between it and H&R. *See* Exhibit C at pg. 4-5.

16. On March 25, 2021, H&R filed a notice of appearance in the Bankruptcy Case. [BK ECF No. 17].

17. On or around March 26, 2021, AAA sent correspondences to counsel for the Debtor demanding that the Debtor file pleadings in the Arbitration Proceeding to combat H&R's attempts to continue to prosecute that proceeding. A true and correct copy of the March 26, 2021 letter is attached hereto as Exhibit D.

18. In its March 26, 2021 letter, AAA acknowledged the existence of the automatic stay resulting from the Debtor's bankruptcy filing, but nonetheless required the Debtor to file a pleading in that case. *Id.*

19. On March 26, 2021, counsel for the Debtor emailed counsel for H&R and notified him that H&R's continued prosecution of the Arbitration Proceeding was a violation of the automatic stay. A true and correct copy of the March 26, 2021 email to counsel is attached hereto as Exhibit E.

20. On March 31, 2021, H&R, through its counsel Berkowitz, filed a *Motion to Join Nicholas A. Restuccia as a Third-Party Counterclaim Respondent* in the Arbitration Proceeding (the "Motion to Join"). A true and correct copy of the Motion to Join is attached hereto as Exhibit F.

21. Through the Motion to Join, H&R asserts that the joining of Mr. Restuccia as a party to the Arbitration Proceeding is proper because its claims against Mr. Restuccia are purportedly inextricably intertwined with H&R's claims against the Debtor and H&R states that "[t]his is not a case where joinder would involve completely different law or facts, different contracts or arbitration agreements". *See* Motion to Join at pg. 8.

22. Further evidencing that H&R's claims against the Debtor are identical to those now being alleged against Mr. Restuccia is H&R assertion in the Motion to Join that "[a]s is readily apparent from this plain language, H&R Block specifically contracted for the right to pursue Restuccia in his individual capacity to obtain performance under the contracts. And for good reason given that, pursuant to the contracts, H&R Block made payments of hundreds of thousands of dollars, among other valuable consideration…To protect H&R Block's substantial investment, it required that an individual be responsible for the obligations under the contracts in addition to the business entity." *Id.* at pg. 2.

23. H&R similarly alleges in the Motion to Join that its purported claims against Mr. Restuccia are "[c]onsistent with well-settled principles of agency, Restuccia could, and did, expressly agree to incur personal responsibility under the contracts in addition to incurring responsibility on behalf of his company." *Id.* at pg. 3.

24. H&R further alleges that "[i]n accordance with the parties' manifest intent, demonstrated by both the explicit language and implicit in the circumstances of the contracts' dependency and interrelation, H&R Block is entitled to charge Restuccia in his individual capacity **with the entire liability under the contracts**." *Id* at pg. 5. (emphasis added).

25. Moreover, through the Motion to Join, H&R expresses its intention to prosecute its claims against both the Debtor and Mr. Restuccia concurrently so as to avoid being "faced

with the Hobson's choice of filing a lawsuit in violation of the arbitration provision or initiating a new and separate arbitration and seeking consolidation to avoid the possibility of conflicting rulings. In effect, disallowing joinder would result in an unfortunate paradox where the parties to contracts containing a broad arbitration provision, which was agreed to for the purpose of providing a cost-efficient means of resolving disputes, find themselves facing multiple related proceedings and/or costly procedural maneuvering to consolidate related proceedings." *Id.* pg. 9.

26. Stated differently, H&R's attempt to join Mr. Restuccia is a targeted effort to enable it to prosecute its claims against Mr. Restuccia and the Debtor simultaneously, notwithstanding the fact that all claims against the Debtor are stayed by operation of the United States Bankruptcy Code.

27. On or around March 31, 2021, AAA sent an invoice to counsel for the Debtor seeking payment of $2,675.00 in connection with pre-petition services related to the Arbitration Proceeding. A true and correct copy of the March 31, 2021 invoice is attached hereto as <u>Exhibit G</u>.

## COUNT I
**(Violation of the Automatic Stay, 11 U.S.C. § 362(a)(1) & §105(a)- H&R & Berkowitz)**

28. The Plaintiff repeats and realleges the allegations in the preceding paragraphs as if the same were set forth more fully herein.

29. Despite the automatic stay arising on March 16, 2021, H&R and Berkowitz have continued to prosecute the Arbitration Proceeding in order to obtain a judgment therein that is binding on the Debtor. Specifically, H&R, through its counsel Berkowitz, made factual allegations directed at the Debtor in its Amended Counterclaim in order to further those ends.

30. By their own admission, H&R and Berkowitz have been aware of the Bankruptcy Case and the automatic stay in effect therein since at least March 18, 2021.

31. Specifically, H&R and Berkowitz violated the automatic stay by continuing the Arbitration Proceeding against the Debtor and filing the Amended Counterclaim on March 24, 2021 and again on March 31, 2021 when it filed the Motion to Join.

32. H&R and Berkowitz's foregoing violations of the automatic stay were willful.

33. Therefore, the Court should sanction H&R and Berkowitz and award the Debtor its actual damages resulting from these foregoing violations, including but not limited to its costs and attorneys' fees resulting therefrom pursuant to 11 U.S.C. §105(a).

## COUNT II
### (Violation of the Automatic Stay, 11 U.S.C. § 362(a)(3) & §105(a)- H&R)

34. The Plaintiff repeats and realleges the allegations in the preceding paragraphs as if the same were set forth more fully herein.

35. After the automatic stay went into effect on March 16, 2021 H&R filed counterclaims in the Arbitration Proceeding, which counterclaims are targeted at offsetting the Debtor's claims against H&R, and at obtaining a favorable judgement which will preclude the Debtor from prosecuting its claims against H&R.

36. The Debtor's causes of action against H&R are property of the estate pursuant to 11 U.S.C. 541.

37. H&R's continued prosecution of the Amended Counterclaims will have an adverse effect on property of the bankruptcy estate of the Debtor, and H&R's filing of its Amended Counterclaim and Motion to Join were violations of the automatic stay under Section 362(a)(1)(3) of the United States Bankruptcy Code.

38. H&R's foregoing violations of the automatic stay were willful.

39. Therefore, the Court should sanction H&R and award the Debtor its actual damages resulting from these foregoing violations, including but not limited to its costs and attorneys' fees resulting therefrom pursuant to 11 U.S.C. §105(a).

## COUNT III
**(Violation of the Automatic Stay, 11 U.S.C. § 362(a)(1) & §105(a)- AAA)**

40. The Plaintiff repeats and realleges the allegations in the preceding paragraphs as if the same were set forth more fully herein.

41. On March 26, 2021, despite knowing that the automatic stay was in effect, AAA demanded that the Debtor file pleadings in the Arbitration Proceeding, and thereby continued that proceeding against the Debtor.

42. On or around March 31, 2021, despite knowing that the automatic stay was in effect, AAA sent an invoice to counsel for the Debtor seeking payment in connection with pre-petition services related to the Arbitration Proceeding.

43. AAA's foregoing violations of the automatic stay were willful.

44. Therefore, AAA should be ordered to immediately cease and desist its continuation of the Arbitration Proceeding as required under 11 U.S.C. 362(a)(1).

**REQUEST FOR RELIEF**

WHEREFORE, the plaintiff-debtor Rizzo & Restuccia, P.C. hereby respectfully requests that this Court:

i. Enter judgment in the Debtor's favor against the defendants H&R Block Tax Services, LLC, Berkowitz Oliver, LLP and American Arbitration Association;

ii. Order H&R, Berkowitz and AAA to cease and desist immediately from any further action against the Debtor pursuant to Section 362; and

iii. Award the Debtor its actual damages resulting from H&R and Berkowitz's violations of the automatic stay, including its attorneys' fees and costs pursuant to 11 U.S.C. §105(a).

Respectfully Submitted

Rizzo & Restuccia, P.C.

By its counsel,

/s/ John F. Sommerstein
John F. Sommerstein
1091 Washington Street
Gloucester, MA  01930
Dated: April 7, 2021                         Tel: (617) 523-7474